The order below is hereby signed.

Signed: November 12 2015



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WAYNE SANFORD DEADWYLER and | ) | Case No. 11-00326 |
| JOI LINNETTE DEADWYLER, | ) | (Chapter 7) |
| | ) | Not for Publication in |
| Debtors. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
<u>REQUEST FOR STATUS HEARING ON REOPENED BANKRUPTCY CASE</u>

A creditor, First American Title Insurance Company T/U/O The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-17 Mortgage Pass-Through Certificates Series 2005-17, Successor in interest to Countrywide Home Loans Inc., et al. ("Bank of New York"), has filed a *Request for Status Hearing on Reopened Bankruptcy Case* (Dkt. No. 109). Bank of New York seeks to have a status conference held concerning the status and posture of the bankruptcy and to determine what, if any, action the bankruptcy estate intends to take with respect to property known as the 1712 D Street Property (real property located at 1712 D Street NE, Washington, D.C.). Under 11 U.S.C. § 704(a)(7), the trustee

must, "unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest." Bank of New York's motion does not allege that Bank of New York has made a request to the trustee under § 704(a)(7). Without such a request having been made, the trustee's obligation to provide information has not been triggered under § 704(a)(7). *Chicago Truck Drivers v. El Paso Co.*, 525 F.3d 591, 599 (7th Cir. 2008). Further, Bank of New York has not alleged anything establishing that it does not make sense to require Bank of New York to attempt to obtain the information it seeks by first making a request to the trustee under § 704(a)(7) before holding a status conference. The trustee's response to such a request might obviate the need for a status conference. In those circumstances, Bank of New York has not shown that a status conference under 11 U.S.C. § 105(d)(1) is, as required by that statute, "necessary to further the expeditious and economical resolution of the case." Accordingly, it is

ORDERED that the request (Dkt. No. 109) is denied without prejudice to Bank of New York's renewing the request in the event that it is unable to obtain from the trustee pursuant to a request under § 704(a)(7) information that satisfies its desire to learn the status and posture of the bankruptcy and to determine what, if any, action the bankruptcy estate intends to

take with respect to the 1712 D Street Property.

[Signed and dated above.]

Copies to: Recipients of e-notification.